

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 5 2003

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

HERBERT CARTER, individually and                    PLAINTIFF
on behalf of all others
similarly situated


v.                                          NO. 4-02-CV-00701 JMM


THE HONORABLE MIKE HUCKABEE, individually,          DEFENDANTS
and in his official capacity as Governor
Of the State of Arkansas;
JOHN HARTNEDY, Individually and in his
official capacity as a member of the State
and Public School Life and Health Insurance Board;
PRESTON A. MEANS, Individually and in his
official capacity as a member of the State
and Public School Life and Health Insurance Board;
DR. JOSEPH THOMPSON, Individually and in his
official capacity as a member of the State
and Public School Life and Health Insurance Board;
JANIE D. WHITE, Individually and in her
official capacity as a member of the State
and Public School Life and Health Insurance Board;
DR. BOBBIE A. DAVIS, Individually and in her
official capacity as a member of the State
DARRELL MONTGOMERY, Individually and in his
official capacity as a member of the State
and Public School Life and Health Insurance Board;
VANCE STRANGE, Individually and in his
official capacity as a member of the State
and Public School Life and Health Insurance Board; and
ROBERT WATSON, Individually and in his official
capacity as a member of the State and Public
School Life and Health Insurance Board

11

## AMENDED COMPLAINT

Comes Herbert Carter ("Carter"), individually, and on behalf of others similarly situated, pursuant to Fed. R. Civ. P. 23, by and through his lawyers, Rieves, Rubens & Mayton, and for his claims, and the claims on behalf of all others similarly situated, alleges and states the following facts:

1.   Carter is a resident of Crittenden County, Arkansas. Defendants are all citizens of Arkansas or entities which are Arkansas domiciliaries.

2.   This action is brought pursuant to 42 U.S.C. § 1983 as well as the 14th amendment to the Constitution of the United States, which provides for equal protection and prevents the taking of property without due process, and the corresponding provisions of the Arkansas Constitutions and for other claims.

3.   This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  Declaratory, injunctive, and equitable relief are sought as well as compensatory and punitive damages.  Venue is proper in the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391.

4.   Defendant Mike Huckabee is the Governor and Chief Executive Officer of the State of Arkansas.  The other named defendants are members of the Arkansas State and Public School

Life and Health Insurance Board ("Board").  Defendants, individually and jointly and severally, are responsible for and committed the acts and omissions alleged herein on the behalf of the State of Arkansas and the Board.  Each defendant was at all relevant times acting under color of state law.

5.   Carter taught school for many years; served as superintendent of the Marion School District for many more years before he retired; and he is vested in and a beneficiary of the teacher retirement program including the health benefits provided to such retirees.  Carter's interest is a property interest.

6.   Carter seeks to represent himself and the following classes of persons:

> 1.   All other similarly situated teacher retirees who receive teacher retirement and health benefits from the State of Arkansas and have Medicare as their primary payor of health benefits.
>
> 2.   All teachers who receive teacher retirement and health benefits from the State of Arkansas.

7.   The State of Arkansas, acting by, through and under the State Board (the "Board") is the entity responsible for overseeing the retirement plans of state employees as well as public school personnel.  Public school personnel include Carter and the classes he seeks to represent.

8. There are currently two separate insurance benefit plans within the State of Arkansas. One provides for health benefits for state employees and the other for public school personnel.

9. The state of Arkansas as employer for each of the two groups does not contribute equally. For the state employee group the state contributes approximately $2,664.00 per year for each employee in benefit options and health premium contributions. For the group consisting of public school personnel, the state contributes only $1,088.00 per year.

10. The discrimination between the defendants' treatment of state employees and public school personnel is irrational, arbitrary and capricious and cannot be justified.

11. All public school personnel who are retired and receive benefits under the Medicare program receive health insurance coverage paid for by Medicare and not by the public school personnel insurance program.

12. Nonetheless these public school personnel who are retired and who receive Medicare benefits pay the same premium as all other public school personnel even though sixty to seventy percent of their health care expenses are paid by Medicare and not by the public school personnel program. Thus the class contributes disproportionately to the state because

the state claims it is unable to pay based upon an actuarially
sound basis.  This class of public school personnel is doubly
discriminated against by the state because it receives less
money per person from the state than state employees do per
person, and this group is then required to subsidize the public
school personnel insurance program by paying a premium greater
than called for by actuarially sound insurance principles.

13.  The state has determined to treat teacher personnel
who are retired; who are over the age of 65; and who draw
Medicare benefits in a fashion that is not actuarially sound
with respect to their costs to the group.  The state knows that
this creates a disparate impact upon these retirees which is
neither rational nor reasonable but continues to proceed this
way for its benefit at the expense of this class of plaintiffs.

14.  For the most part these retirees are no longer earning
money.  They are no longer receiving the benefit of higher
teaching salaries; however, they are required to pay for
benefits they do not get at rates higher than actuarially called
for while they receive less benefit payments per person than the
state employee group.

15.  Sharon Dickerson, Executive Director, E.B.D., admitted
on or about May 10, 2002, that the state subsidizes the public
employee side but does not subsidize the insurance premium

payment on the school side for the sole reason of the lack of funds. This admission and confession by a state actor that the state discriminates cannot be constitutionally excused by the claim of poverty. Ms. Dickerson also admitted that after one turns sixty-five and has Medicare, the state is no longer primarily responsible for the health costs of those persons and those persons should not have to pay as high a premium. She has admitted that the problem arises because the people whose health care costs are high cannot pay the amounts needed. This means that the younger members of the public school personnel group cannot pay a higher premium and thus the responsibility for providing health insurance to the current corps of teachers falls not on the back of the state of Arkansas but on the class of public school personnel who are sixty-five and older.

16. Thus, the state arbitrarily and capriciously takes the monies of Carter and those he seeks to represent to further its own interests contrary to the due process and equal protection provisions of the state and federal constitutions.

17. Thus, the state, acting by and through the Board, has violated Carter's, and those similarly situated, due process civil rights as a result of which Carter, and those similarly situated, as well as their property, have suffered damages.

18.   Carter is entitled to immediate relief because the state's claim of poverty makes it likely that he will not recover all of the moneys to which he and the class he seeks to represent are entitled.

19.   Carter requests that a jury be impaneled to hear and determine all issues of fact triable to a jury.

WHEREFORE PREMISES CONSIDERED, Carter prays for:

a.   Certification of the classes.

b.   A declaration from this court that the arbitrary and capricious rate structure of the Board violates the rights of Carter to equal protection and due process.

c.   A temporary injunction, to be made permanent, restraining the Board from collecting premiums from Carter, and those similarly situated, in an amount in excess of what is actuarially sound with respect to Carter and the other members of the two classes.

d.   A temporary injunction, to be made permanent, restraining the state of Arkansas from treating the two employee groups, public employees and school employees, in a disparate fashion.

e.   A money judgment for compensatory damages and other damages which are just and proper.

f.   Legal fees, costs and expenses.

g.  For trial of all issues of fact by a jury.

h.  Such other relief, both general and specific, to which

Carter and the classes may be entitled under the premises.

                                 Respectfully submitted,
                                   RIEVES, RUBENS & MAYTON

                                 Kent J. Rubens (71067)
                                 Lawrence W. Jackson (92194)
                                 P. O. Box 1359
                                 West Memphis, AR 72303
                                 870-735-3420

## CERTIFICATE OF SERVICE

    The undersigned certifies that on May 12, 2003, he mailed a copy of the foregoing by first-class mail with sufficient postage to ensure delivery to:

Patricia Van Ausdall Bell
Assistant Attorney General
323 Center Street, Suite 1100
Little Rock, Arkansas 72201


Kent J. Rubens
Lawrence W. Jackson